ROCHESTER & P. COAL & IRON CO. v. FLINT, EDDY & CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. TRIAL—DOCUMENTS—CONSTRUCTION—QUESTION FOR JURY.
    Where parol evidence was introduced without objection to explain the terms of a letter, and such evidence was conflicting, the construction of the letter was for the jury.

Appeal from City Court of New York, General Term.

Action by the Rochester & Pittsburg Coal & Iron Company against Flint, Eddy & Co. From a judgment of the General Term of the New York City Court reversing a judgment in favor of plaintiff, it appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

I. Sidney Carrere, for appellant.
Ivins, Kidder & Melcher, for respondent.

PER CURIAM. The only question in this case is whether the firm of C. Aires & Co., to whom a cargo of coal was sent to be sold, were the agents of the plaintiff or the agents of the defendant. The conversations and transactions between the parties leading up to the consignment of the cargo of coal in question culminated and were embodied in a letter sent by defendant to plaintiff on February 9, 1897. Ordinarily, the construction of that letter would be a question of law for the court, but witnesses for the parties herein, without objection or exception, testified to the meaning of the statements contained in that letter, and gave contradictory evidence regarding its construction. It thus became a question of fact for the jury to determine the meaning of its terms, which they did, construing the same in favor of the plaintiff's contention. Had the parol evidence introduced regarding the terms of said letter been properly objected to, we should have been inclined to adopt the view of the General Term of the City Court as to the legal construction to be given to the terms of the letter; but the parties having, upon conflicting parol testimony, submitted the interpretation of the written contract to the decision of the jury, their judgment should not be disturbed, inasmuch as no exception was taken to any testimony which requires a reversal.

Judgment of the General Term of the City Court reversed, and judgment of the Trial Term affirmed, with costs.